PEDRO GARCÍA ZARAGOZA and HUMBERTO DEL POZO, Plaintiffs and Appellant the former, *v.* MANUEL GARCÍA ORTIZ ET AL., Defendants and Appellees.

No. 12248. Decided September 29, 1961.

*José Castro Figueroa* for appellant. *Gregorio Ramos Rivera* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, and Mr. Justice Serrano Geyls and Mr. Justice Rigau.

PER CURIAM.

On December 17, 1953, Pedro García Zaragoza obtained judgment for $2,000 against Manuel García Ortiz, in an action for damages arising from an automobile accident which occurred on June 7, 1952 and which was filed in October of that year.

By public deed executed on May 16, 1953, Manuel García Ortiz and his wife sold to the former's sister-in-law, Luisa Leduc Rivera, a certain urban property situated in the ward of Monacillos of Río Piedras, which sale was recorded in the Registry of Property.

On March 8, 1954, Pedro García Zaragoza filed a complaint in the Superior Court against Manuel García Ortiz and his wife, Lina V. Leduc, as vendors, and against Luisa Leduc and her husband, Eduardo Rivera González, as vendees,

praying for the annulment and rescission of the contract of sale of the aforesaid property, alleging that there was no consideration and that it was executed in fraud of creditors. This complaint was recorded in the Registry of Property.

On July 4, 1954 and by virtue of a public deed, Luisa Leduc and her husband, Eduardo Rivera González, sold the said property to Humberto del Pozo, for the price of $2,200, which the vendee paid in cash and the assignment of a mortgage credit which he had in his favor.

In August 1954, vendee Humberto del Pozo filed a complaint against the vendors, the spouses Rivera Leduc and Manuel García Ortiz, praying for the rescission of the contract on the ground that the property was subject to a lis pendens—the complaint filed by Pedro García Zaragoza—and that the vendee had no knowledge of such fact nor was it mentioned in the sales contract.

Both actions were joined and, after a trial on the merits, the Superior Court rendered judgment dismissing both complaints.

Only plaintiff Pedro García Zaragoza appealed to this Court. He assigns a number of errors which were not committed.

Although the Superior Court concluded that in the sales contract executed between Manuel García Ortiz and Luisa Leduc the consideration set forth therein—the price which the vendors confessed that they received from the vendee—was lacking, this fact is not in itself sufficient for the action of the plaintiff-appellant to prosper. Neither the averments of the complaint nor the evidence offered at the trial establish the fact that at the time of the conveyance to Luisa Leduc the owner of the property was insolvent, or that he had no other property out of which the plaintiff creditor could collect his credit. The creditor was bound to allege and prove, among other things, that the plaintiff has no other remedy at law to obtain reparation of the damages sustained than

574

to request the rescission of the contract of sale. Appellant failed in this connection and it was so correctly held by the trial court. In the absence of such requirement, his action could not prosper. *Morales* v. *Arce*, 18 P.R.R. 530; *Succession of Almazán* v. *López et al.*, 20 P.R.R. 502; *González* v. *López*, 46 P.R.R. 814; *Texas Co. (P.R.), Inc.* v. *Estrada et al.*, 50 P.R.R. 709; *Nine* v. *Avilés*, 53 P.R.R. 471.

The judgment rendered by the Superior Court, Humacao Part, on September 19, 1956, will be affirmed.